IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

   Respondent,

v.                No. 16-cr-0966-RB

ADALBERTO TORRES VILLESCAS,

   Defendant-Movant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Mr. Villescas's Emergency Motion for Appointment of Counsel. (Doc. 42.) Mr. Villescas asks the Court to appoint counsel to assist him in filing a motion for compassionate release due to the COVID-19 pandemic. (*See id.*) Having carefully reviewed the record and applicable law, the Court will deny the motion.

**I. Background**

Mr. Villescas pled guilty to an Indictment charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D): possession with intent to distribute marijuana, and 18 U.S.C. § 2, aiding and abetting; and a violation of 8 U.S.C. §§ 1326(a) and (b): re-entry of a removed alien. (*See* Docs. 11; 24.) The Court sentenced Mr. Villescas to 63 months on December 2, 2016. (Doc. 35.) Mr. Villescas has filed an unsuccessful motion to reduce his sentence based on Amendment 782 to the Sentencing Guidelines. (*See* Docs. 36; 41.)

   Mr. Villescas filed the motion before the Court on August 26, 2020, and asks the Court to appoint an attorney to assist him in filing a motion for a sentence reduction. (*See* Doc. 42.)

## II. Discussion

Mr. Villescas asks the Court to appoint counsel in this proceeding. (*Id.*) The Court will deny his request. "First, 'no right to appointment of counsel exists when pursuing relief under 18 U.S.C. § 3582(c).'" *United States v. Little*, CR No. 14-195 KG, 2020 WL 2736944, at *1 (quoting *United States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008)).

Second, Mr. Villescas fails to demonstrate exhaustion. *See id.* Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Mr. Villescas presents no evidence to show that he has made such a request with the warden of his facility. Once he has exhausted his request, he may file a pro se motion for compassionate release, and the Court will consider it.

**THEREFORE,**

**IT IS ORDERED** that the Emergency Motion for Appointment of Counsel (Doc. 42) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE